

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2006

# Visconti v. Secretary Agri

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1315

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Visconti v. Secretary Agri" (2006). *2006 Decisions.* Paper 276.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/276

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1315
_____

JOHN VISCONTI; MARY VISCONTI

v.

ANN VENEMAN, SECRETARY,
UNITED STATES DEPARTMENT OF AGRICULTURE

MARY VISCONTI,

Appellant
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 01-cv-05409)
District Judge: Honorable Jerome B. Simandle

_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2006

Before: FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>.

(October 30, 2006)
_____

OPINION
_____

PER CURIAM

Mary Visconti appeals pro se from the District Court's entry of summary judgment in favor of the United States Department of Agriculture ("USDA" or "the agency") on their claims of discrimination in the processing and servicing of farm loans.[1]  For the reasons that follow, we will affirm.

I.

The parties are familiar with the facts, so we will only briefly revisit them here. Beginning in the 1970s, the Viscontis periodically borrowed money from the USDA's Farm Service Agency ("FSA") for operating their farm in Cumberland County, New Jersey.  When they were unable to repay their loans, the USDA, by letters dated February 4, 1997 and March 3, 1997, declared the loans immediately due and notified the Viscontis of its intent to use administrative offset to collect the debt.  On August 1, 1997, the Viscontis submitted an administrative complaint with the USDA's Office of Civil Rights, alleging discrimination under the Equal Credit Opportunity Act ("ECOA").[2]  15 U.S.C. §§ 1691 *et seq*.  The Office of Civil rights issued a decision finding no discrimination.

---

[1]John Visconti, the co-plaintiff in this action, died during the course of these proceedings.  Nevertheless, we will refer to the Visconits in the plural.

[2]The ECOA creates a private right of action against a creditor, including the United States, who "discriminate[s] against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age."  15 U.S.C. § 1691(a).  ECOA claims are subject to a two-year statute of limitations.  See 15 U.S.C. § 1691e(f).

On October 17, 2000, the Viscontis requested a hearing before an Administrative Law Judge ("ALJ") pursuant to section 741 of the Agriculture, Rural Development, Food and Drug Administration, and Related Agencies Appropriations Act, 1999 ("§ 741"). See Pub.L. No. 105-277, § 741, 112 Stat. 2681 (codified at 7 U.S.C.A. § 2279 notes).

As relevant here, § 741 extended the ECOA's two-year limitations period for individuals who had filed administrative complaints with the USDA between January 1, 1981 and July 1, 1997, for alleged acts of discrimination occurring between January 1, 1981 and December 31, 1996. The ALJ concluded that the Viscontis' complaint should be dismissed for lack of jurisdiction because it was not filed before July 1, 1997, as required by § 741. The ALJ also rejected the Viscontis' contention that they had first raised allegations of discrimination in three letters dated prior to July 1, 1997. In particular, the ALJ noted that those letters did not mention the word "discrimination" or contain "any language that would lead one to believe that Complainants were complaining of national origin, sex, or handicap discrimination." The Viscontis requested review by the USDA, which affirmed and adopted the ALJ's decision.

The Viscontis then sought judicial review of the agency's final decision. The USDA filed a motion for summary judgment, asserting that the Viscontis had not filed any claim of discrimination prior to July 1, 1997. The District Court granted the USDA's motion in part and denied it in part: the District Court concluded that the Viscontis were time-barred from proceeding under § 741, but held that their discrimination claims arising

3

out of the USDA's February and March 1997 decisions to use administrative offset to immediately collect the debt were timely brought within the general ECOA two-year statute of limitations. The USDA addressed the latter claims in a second motion for summary judgment, arguing that the Viscontis had not made out a prima facie case of discrimination. The District Court agreed, granted the motion, and entered judgment in favor of the USDA on September 20, 2005. The District Court later denied as untimely the Viscontis' efforts to seek reconsideration of its decision. The Viscontis timely appealed.[3]

## II.

The District Court had jurisdiction over this matter pursuant to 15 U.S.C. § 1691e(f), § 741, and 28 U. S.C. § 1331. This Court has appellate jurisdiction by virtue of 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. See Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219-20 (3d Cir. 2005). Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is

---

[3]We will construe the Viscontis' October 26, 2005, motion for leave to seek reconsideration of the September 20, 2005 order – in which Mary Visconti references her desire to appeal from that order – as a timely notice of appeal. See Smith v. Barry, 502 U.S. 244 (1992) ("Courts will liberally construe the requirements of [Fed. R. App. P.] 3;" and "[i]f a document, filed within the time specified by [Fed. R. App. P.] 4 gives the notice required by Rule 3, it is effective as a notice of appeal."); see also Dyszel v. Marks, 6 F.3d 116, 122 n.9 (3d Cir. 1993) (stating that an untimely motion for reconsideration has no effect on a simultaneously filed notice of appeal).

entitled to judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

III.

As noted above, ECOA claims are generally governed by a two-year statute of limitations. <u>See</u> 15 U.S.C. § 1691e(f). However, in § 741, Congress retroactively extended the limitations period for certain "eligible complaints." The term "eligible complaint" refers to a nonemployment related discrimination complaint filed with the USDA prior to July 1, 1997, which alleged discrimination by the USDA at any time between January 1, 1981, and July 1, 1997. <u>See</u> § 741(e); 7 C.F.R. § 15f.2. "Eligible complaints" may be brought in a civil action or in an administrative proceeding. <u>See</u> § 741(a) & (b).

The Viscontis' discrimination complaint, submitted to the Office of Civil Rights on August 1, 1997, is not eligible for consideration under § 741 because it was filed after July 1, 1997. In addition, the Viscontis' letters dated October 31, 1988, June 17, 1991, and April 1, 1997, are not "eligible complaints." Although these letters meet the time-filing requirements of § 741, none alleges discrimination, even when construed broadly. <u>Cf.</u> <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 512 (2002) (holding that a charge of discrimination must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957))). In the October 1988 letter, addressed to the Office of the United States Attorney in Camden,

5

New Jersey, the Viscontis sought assistance in obtaining records pertaining to themselves from the USDA. The letter also attempted to explain why a woman who had lived with the Viscontis was lodging "vicious and absurd charges" against them. The June 1991 letter, sent to the Farmers Home Administration (now the FSA), alleged that the USDA violated the Viscontis' right under 7 U.S.C. § 1981a to apply for a moratorium on their loan principal and interest. Finally, the April 1997 letter, which was addressed to the FSA office in New Jersey, sought a meeting to discuss whether the Viscontis would be permitted to plant crops. Although Mary Visconti noted in the letter that she was a "minority," she neither identified the minority group nor claimed that she was discriminated against on that basis; rather, she simply stated that "[s]ince I am a minority I sincerely need your help in trying to solve my problems." Thus, the letters were insufficient to put the agency on notice that the Viscontis were asserting a discrimination claim. Because the Viscontis have failed to point out any issues of material fact regarding whether these letters constitute an eligible complaint under § 741, we conclude that the District Court's entry of summary judgment in favor of the USDA was proper.

IV.

Although the Viscontis may not pursue their claims under § 741, the District Court concluded that they could proceed on their allegations of discrimination arising out of the

6

USDA's February and March 1997 collection letters.[4]  The District Court held, however,

that the Viscontis were unable as a matter of law to make out a case of discrimination.

We agree.

The ECOA makes it unlawful for a creditor to discriminate against an applicant

"with respect to any aspect of a credit transaction."  15 U.S.C. 1691(a).  To establish a

prima facie case of discrimination under the ECOA in these circumstances, the Viscontis

must establish, inter alia, that others not in their protected class were treated more

favorably.  See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410-11 (3d Cir. 1999); cf.

Chiang v. Veneman, 385 F.3d 256, 259 (3d Cir. 2004).  The Viscontis alleged that the

USDA discriminated against them on the basis of national origin and Mary Visconti's sex

in its debt collection efforts.  By letter dated February 4, 1997, the FSA declared that the

debt was due immediately because the Viscontis had been delinquent in their payments.

On March 3, 1997, the FSA notified the Viscontis of its intent to use administrative offset

to collect the debt.  There is no evidence, however, that the Viscontis were treated

differently than other loan recipients who were delinquent in repaying the FSA, and the

---

[4]In particular, the District Court held that the Viscontis' August 1, 1997 complaint
was filed with the USDA within 180 days of the alleged discriminatory events, see 7
C.F.R. § 15d.4, and that the ECOA's two-year statute of limitations was tolled while the
Viscontis pursued their administrative remedies.  See 7 U.S.C. § 6912(e) (exhaustion
requirement for grievances filed against USDA).  Because the USDA does not challenge
on appeal the determination that these claims were timely, we will not examine it.  See
Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (noting that issues not raised and
argued on appeal are deemed abandoned and waived).

7

Viscontis cannot demonstrate a violation of the ECOA by simply alleging that the agency is attempting to collect on a debt. See Lewis v. ACB Business Services, Inc., 135 F.3d 389, 406 (6th Cir. 1998).

V.

The Viscontis raise several arguments in support of their contention that the District Court erred in granting the USDA's motions for summary judgment. As explained below, these arguments lack merit.

According to the Viscontis, the ALJ improperly failed to hold an administrative hearing on their complaint. The right to an administrative hearing, however, does not apply in every circumstance. The regulations provide that complainants have a right to a hearing if they present an "eligible complaint," and dismissal of the complaint without a hearing is authorized if the ALJ determines that the complaint was not eligible under section 741. See 7 C.F.R. § 15f.12. Further, the regulations allow for a complaint to be decided without a hearing if the only dispute is a question of law. See id. Under this scheme, it was proper for the ALJ to adjudicate the Viscontis' claim based solely on a written record since there was no evidence of a timely filed complaint or of disparate treatment. Cf. State of Pa. v. Riley, 84 F.3d 125, 130 (3d Cir. 1996) (stating that "[a]n administrative agency need not provide an evidentiary hearing when there are no disputed material issues of fact . . . or when the dispute can be adequately resolved from the paper record") (citations omitted). In support of their claim, the Viscontis cite 5 U.S.C.

8

§ 556(b) and numerous sections of the Code of Federal Regulations, including, 7 C.F.R. § 15.8(d), 9 C.F.R. § 202.110(b), and 29 C.F.R. § 1601.12(b). To the extent these authorities had any applicability in the Visconits' administrative proceedings, none requires that the ALJ conduct a hearing. Moreover, the Viscontis had opportunities to present evidence to the ALJ in their complaint, see 7 C.F.R. § 15f.6 (concerning what should be included in complaint under § 741), and in response to the ALJ's order to show cause why the complaint should not be dismissed as untimely.

The remainder of the claims raised in the Viscontis' brief are not properly before this Court because they were not raised in the District Court. See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994) (issues raised for the first time on appeal will not be considered). In any event, these claims lack merit.[5]

_____

[5] For instance, the Viscontis claim that Mary Visconti's testimony before Congress, as well as a civil action filed in 1996, constitute complaints under § 741. Importantly, however, Mary Visconti testified before Congress in October 1997, several months after the date by which § 741 complaints had to be filed, see § 741(e), and the Viscontis 1996 civil complaint was not based on discrimination. Furthermore, contrary to the Viscontis' contention, the principles of relation back, equitable tolling, due diligence, and continuing violation cannot remedy the defects in their discrimination claims. Finally, the Viscontis have offered no persuasive support for their allegations that the ALJ failed to consider whether the USDA retaliated against them for complaining about discrimination and whether the USDA violated their rights under the Takings Clause of the Fifth Amendment.

9

VI.

Having considered the parties' briefs and other submissions for our review, and having reviewed the administrative record and the District Court record, we will affirm the District Court's order.